## In the Matter of the Application of Simeon C. Sullivan, for a Writ of Habeas Corpus.

Where a justice of the peace commits one convicted before him of the illegal sale of intoxicating liquors, who has prayed an appeal but refused to give the proper recognizance of appeal, "until discharged by due order of law," the court will not, when the convict is before them on a writ of *habeas corpus,* order him to be discharged; but, being bound to dispose of him " as law and justice shall require," will, when the court to which he has prayed an appeal is yet to sit, correct the mistake of the justice, by recommitting the prisoner to jail under a proper form of commitment, so that he may obtain his liberation upon the statute conditions as to recognizance of appeal and payment of costs.

PETITION for a writ of *habeas corpus,* to be directed to the jailer of Washington county, to have before the court, in order to a discharge, the body of the petitioner imprisoned in the jail of said county. It appeared that the prisoner was prosecuted for selling spirituous or intoxicating liquors, before Matthew Chappell, Esq., a justice of the peace for the town of South Kingstown, and upon conviction, was sentenced by said justice to pay a fine of twenty dollars, one half thereof to and for the use of the State, and the other half to and for the use of the complainant, to pay all costs of prosecution and conviction, taxed at $11.95, and to stand committed to the State's jail, in the county of Washington, for the space of ten days from the day of his conviction ; that from this sentence the said Sullivan prayed an appeal to the court of common pleas, to be holden at South Kingstown, in the county of Washington, on the second Monday of May next ; that, thereupon, the justice ordered the prisoner to give recognizance to prosecute his appeal, who answered that he would go to jail ; whereupon, the justice issued a *mittimus* reciting the proceedings and sentence, and ordering the prisoner to stand committed " until discharged by due order of law."

*C. Updike,* for petitioner, contended that the commitment was void for indefiniteness, and that the writ should issue for the purpose of discharging the prisoner from the process altogether. He stated that the prisoner had offered to pay costs and execute the recognizance of appeal required by law, but

that the jailer, on account of the form of the *mittimus*, had re-fused to allow this, and required payment of fine as well as of costs.

The court ordered the writ to issue; and upon the return of the jailer with the prisoner, and the discharge of the prisoner being again mentioned, it was, in substance, said by the judges, and held

By the Court. By ch. 201, sect. 16, Rev. Stats., we are required to dispose of the party brought before us on *habeas corpus*, " as law and justice shall require." He should have been committed, as an appellant neglecting to give recogni-zance and pay costs, according to the provisions of ch. 78, sect. 24, specially made for such a contingency in such a prosecution as this, until " he gave the recognizance and paid the costs, or was discharged by order of law." It is said that he has been deprived of the privilege of perfecting his appeal, as well as of regaining his liberty accorded by the law, through the fault of the justice issuing this *mittimus*. We cannot remedy the past upon this proceeding, but only provide for the future in this regard, which, as the court to which the prisoner has appealed is still to sit, we do, by ordering the jailer to commit and keep him until he give recognizance in the sum of $100, with good and sufficient sureties, with condition as provided in ch. 78, sect. 23, Rev. Stats., and pay costs taxed at $11.95, or be dis-charged according to law. We shall in this way correct the *mittimus*, and do entire justice, so far as we can, to the prisoner, by placing him in the precise position in which, under the law, he ought to be placed.